1  Alan S. Gutman, SBN 128514
   Elizabeth L. Bradley, SBN 172272
2  LAW OFFICES OF ALAN S. GUTMAN
   9401 Wilshire Boulevard, Suite 575
3  Beverly Hills, CA 90212-2918
   Telephone: 310-385-0700
4  Facsimile: 310-385-0710

FILED
CLERK, U.S. DISTRICT COURT
AUG 6 2002
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

5  Attorneys for Plaintiff SALVATORE LAURIA

6  Priority ____
   Send    ✓
7  Enter   ____
   Closed  ____
8  JS-5/JS-6 ____
9  JS-2/JS-3 ____
   Scan Only____
10

   UNITED STATES DISTRICT COURT

   CENTRAL DISTRICT OF CALIFORNIA

11 SALVATORE LAURIA,                )  Case Number CV-02-5395 WMB (VBKx)
                                    )
12          Plaintiff,               )  STIPULATION RE FILING
                                    )  DOCUMENTS UNDER SEAL;
13 vs.                              )  DECLARATION OF ALAN S. GUTMAN;
                                    )
14 NEW MILLENIUM ENTERTAINMENT,     )  [PROPOSED] PROTECTIVE ORDER RE
   a California corporation; MICHAEL )  FILING DOCUMENTS UNDER SEAL
15 VINER, an individual; DOES 1 TO 100, )
   inclusive,                       )  ENTERED ON ICMS
16                                  )
            Defendants.              )  AUG 7 2002
17                                  )
                                    )  CV
18 _____ )

19      WHEREAS, this Court entered a Temporary Restraining Order and Order to Show

20 Cause Re: Preliminary Injunction on or about July 22, 2002 ("TRO");

21      WHEREAS, the TRO enjoined and restrained the Defendants from the publication,

22 release, distribution, sale or dissemination of the manuscript or copies of the book "The

23 Scorpion and the Frog;"

24      WHEREAS, one or more parties to this action may determine that they want to

25 lodge or submit portions of the manuscript or copies of the book "The Scorpion and the

26 Frog" with their briefs or evidence to be filed with the Court in connection with the hearing

27 on the preliminary injunction, or any other proceeding in this action;

28      WHEREAS, the parties to this action submit that, so long as the TRO or a

preliminary injunction restraining publication or distribution of the book are in effect, the manuscript or copies of the book "The Scorpion and the Frog" should be filed pursuant to a protective order requiring that the manuscript or copies of the book "The Scorpion and the Frog" should be filed under seal to prevent the public dissemination of the information contained in the those materials;

WHEREAS, the parties hereto submit that there is good cause for the issuance of such a protective order since the disclosure of such materials shall work a clearly defined and serious injury;

THEREFORE, IT IS HEREBY STIPULATED AND AGREED as follows:

1. As used herein, "Confidential Material" means a manuscript or copies of the book "The Scorpion and the Frog"

2. Any Confidential Material, and any information derived therefrom, shall not be given, shown, disclosed or made available in any way to any person, so long as the TRO or a preliminary injunction restraining publication or distribution of the book are in effect, other than:

    (a) counsel of record for the parties to this Stipulation;

    (b) para-professionals, secretaries and other non-attorney personnel who are employed by the parties' counsel of record, but only to the extent that disclosure to such persons is necessary in order for them to assist attorneys involved in the preparation of this case;

    (c) the parties, such officers and employees of the parties, including in-house counsel, as counsel of record deem necessary to assist them in this case;

    (d) experts retained or consulted by the parties' counsel of record for purposes of this action, provided such person executes a Declaration of Compliance in the form attached hereto as Exhibit A;

    (e) party witnesses in the course of deposition;

    (f) court reporters and persons preparing transcripts of depositions; and,

(g) the Court in accordance with paragraph 3 below.

3. No Confidential Material, or any information derived therefrom, shall be filed with, submitted to or otherwise disclosed to the Court in this action or in any appeal herein, so long as the TRO or a preliminary or permanent injunction restraining publication or distribution of the book are in effect, except as provided in this Protective Order. If any Confidential Material, or any information derived therefrom, is submitted to or otherwise disclosed to the Court, it shall be separately filed under seal with the Clerk of the Court in an envelope marked "Confidential Pursuant to Protective Order," shall be held by the Clerk in such a manner as to prevent any disclosure thereof and shall be disclosed by the Clerk only to the Court or pursuant to the Court order. Any papers or transcripts filed with or submitted to the Court containing Confidential Material, or any information derived therefrom, shall not be served upon or disclosed to any person except those persons to whom disclosure is permitted under paragraph 3 of this Protective Order.

4. Nothing in this Order shall preclude a party from using "Confidential" information at trial, and the manner in which such Confidential Material is used at trial shall be determined by the Court at the Pre-Trial Conference, or from seeking leave of Court to modify this Order.

IT IS SO STIPULATED.

Dated: August ℒ, 2002

LAW OFFICES OF
ALAN S. GUTMAN

By: _____
Alan S. Gutman
Attorneys for Plaintiff
SALVATORE LAURIA

Dated: August __, 2002

LEOPOLD, PETRICH & SMITH, PC

By: SEE NEXT PAGE
Vincent Cox
Attorneys for Defendants
NEW MILLENIUM ENTERTAINMENT and
MICHAEL VINER

(g) the Court in accordance with paragraph 3 below.

3. No Confidential Material, or any information derived therefrom, shall be filed with, submitted to or otherwise disclosed to the Court in this action or in any appeal herein, so long as the TRO or a preliminary or permanent injunction restraining publication or distribution of the book are in effect, except as provided in this Protective Order. If any Confidential Material, or any information derived therefrom, is submitted to or otherwise disclosed to the Court, it shall be separately filed under seal with the Clerk of the Court in an envelope marked "Confidential Pursuant to Protective Order," shall be held by the Clerk in such a manner as to prevent any disclosure thereof and shall be disclosed by the Clerk only to the Court or pursuant to the Court order. Any papers or transcripts filed with or submitted to the Court containing Confidential Material, or any information derived therefrom, shall not be served upon or disclosed to any person except those persons to whom disclosure is permitted under paragraph 3 of this Protective Order.

4. Nothing in this Order shall preclude a party from using "Confidential" information at trial, and the manner in which such Confidential Material is used at trial shall be determined by the Court at the Pre-Trial Conference, or from seeking leave of Court to modify this Order.

IT IS SO STIPULATED.

Dated: August __, 2002

LAW OFFICES OF
ALAN S. GUTMAN

By: _____
Alan S. Gutman
Attorneys for Plaintiff
SALVATORE LAURIA

Dated: August 2, 2002

LEOPOLD, PETRICH & SMITH, PC

By: /s/ Vincent Cox
Vincent Cox
Attorneys for Defendants
NEW MILLENIUM ENTERTAINMENT and
MICHAEL VINER

## DECLARATION OF ALAN S. GUTMAN

I, Alan S. Gutman, declare:

1. I am an attorney at law duly licensed and in good standing to practice before this Court and am the attorney of record for Plaintiff in this action. All facts set forth in this declaration are based upon my own personal knowledge. I can and will competently attest to each such fact if called as a witness herein.

2. The manuscript for the book "The Scorpion and the Frog" that is the subject of the instant action purports to be a non-fictional account of one man's rise and fall on Wall Street during the 1990's that contains inflammatory and potentially damaging revelations about stock manipulation, boiler rooms, fraud, racketeering, money laundering and violence. Plaintiff originally agreed to participate in the book under the condition that his real name would not be used and readers would not be able to draw a direct link to him. The Defendants then decided to release the book using Plaintiff's real name. Plaintiff was forced to seek an injunction to prevent the book from being released.

3. If the manuscript for "The Scorpion and the King" is publicly accessible, Plaintiff could be subject to harm. Defendants admitted as much in their "sell sheet" for the book when they stated: "'Donato Ripelli' is the pseudonym for a man with very serious problems, (there is currently a 'contract' out on him) and well warranted fears, currently a Government witness who has paid the Government back tens of millions of dollars."

4. There is good cause for the issuance of the protective order that requires that the manuscript or any portions thereof be filed under seal.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 2d day of August 2002, in the City of Beverly Hills, California.

Alan S. Gutman

# EXHIBIT A

## DECLARATION OF COMPLIANCE WITH AND CONSENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare as follows:

1. I understand that information deemed confidential and proprietary is going to be provided to me pursuant to the terms and restrictions of a Protective Order, dated _____, 2002, in Salvatore Lauria vs. New Millenium Entertainment, et al., USDC, Central Dist. of CA, Case No. CV-02-5395 WMB (VBKx)(the "Action").

2. I have received and read a copy of the Protective Order, and I agree to be bound by its terms and restrictions and to not reveal or otherwise communicate any of the information discussed to me in connection with the Action except in accordance with the terms of the Protective Order. I consent to personal jurisdiction over me by the Court for purposes of enforcing the Protective Order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this _____ day of _____, 2002, at _____, California.

SIGNATURE_____

NAME_____

## ORDER

Upon consideration of the foregoing Stipulation and good cause appearing therefor,

IT IS HEREBY ORDERED that the terms of the Stipulation shall be and hereby are the Order of the Court.

DATED: *Aug 5, 2002*

*[signature]*
Wm. Matthew Byrne, Jr.
United States District Judge

PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not party to the within action; my business address is 9401 WILSHIRE BLVD., SUITE 575, BEVERLY HILLS, CA 90212-2918.

On **August 5, 2002** I served the foregoing document described as **STIPULATION RE FILING DOCUMENTS UNDER SEAL; DECLARATION OF ALAN S. GUTMAN; [PROPOSED] PROTECTIVE ORDER RE FILING DOCUMENTS UNDER SEAL** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Louis P. Petrich, Esq.
Vincent Cox, Esq.
LEOPOLD, PETRICH & SMITH, PC
2049 Century Park East, Suite 3110
Los Angeles, CA 90067-3274

[] BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Beverly Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[XX] BY PERSONAL SERVICE: I caused the foregoing document to be delivered by hand to the offices of counsel for Defendants.

[] BY FACSIMILE TRANSMITTAL: I sent by facsimile the above document on   at  .m. to the facsimile machine number identified above.

[] BY FEDERAL EXPRESS OVERNIGHT DELIVERY: I caused the above document to be sent by Federal Express overnight delivery, fully prepaid, in accordance with Code of Civil Procedure § 1013(c).

Executed on **August 5, 2002** at Beverly Hills, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

CECIBEL GOMEZ