UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVATORE LAURIA,<br><br>Plaintiff,<br><br>vs.<br><br>NEW MILLENIUM ENTERTAINMENT, a California corporation; MICHAEL VINER, an individual; DOES 1 TO 100, inclusive,<br><br>Defendants. | Case Number CV-02-5395 WMB<br><br>**PRELIMINARY INJUNCTION**<br><br>DATE: AUGUST 9, 2002<br>TIME: 2:45 PM<br>CTRM: 9 |

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

On August 9, 2002, the Order to Show Cause Re: Preliminary Injunction of Plaintiff Salvatore Lauria came on for hearing before this Court. Plaintiff was represented at the hearing by Alan S. Gutman of the Law Offices of Alan S. Gutman; Defendants New Millenium Entertainment and Michael Viner were represented at the hearing by Louis P. Petrich of Leopold, Petrich & Smith.

On September 4, 2002, the Court ruled on Plaintiff's Ex Parte Application for Reconsideration on the Issue of the Bond for Preliminary Injunction.

Based on the Complaint, Application, Declarations, Discovery, Supplemental Briefs and Memoranda filed by counsel, and the arguments of counsel at the hearing, as well as the Ex Parte Application for Reconsideration on the Issue of the Bond for Preliminary

LAURIA\PRELIM INJUNCTION.5      PRELIMINARY INJUNCTION

1  Injunction and the oppositions and replies thereto, IT APPEARS THAT:

2    (1) Plaintiff has demonstrated the existence of serious questions going to the
3  merits;

4    (2) There is a high probability that Plaintiff could be irreparably injured as a
5  result of Defendants' publication, release, distribution, sale, and other dissemination of the
6  manuscript for the book "The Scorpion and the Frog;" and,

7    (3) The balance of hardships tips decidedly in Plaintiff's favor.

8
9

10  IT IS THEREFORE ORDERED:

11    (1) Defendants New Millenium Entertainment and Michael Viner and their
12  servants and agents, and all others acting in concert therewith, are hereby enjoined and
13  restrained, pending the trial of this matter from publication, release, distribution, sale, other
14  dissemination or aiding in any way in the distribution of copies, in any form of the book
15  "The Scorpion and the Frog, or any version thereof; and,

16  //
17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

(2) This injunction shall be effective provided that, on or before September 10, 2002, plaintiff Salvatore Lauria posts a bond in the amount of $100,000 and delivers to the Court a Deed of Trust in favor of New Millennium Entertainment encumbering certain real property owned by Plaintiff's wife in the amount of $100,000. In order for the injunction to remain in effect, said Deed of Trust shall be recorded in the county in which the property is located on or before September 17, 2002. In addition, neither Plaintiff nor his wife shall further encumber the subject real property while the preliminary injunction is in effect.

Dated: Sept 10, 2002

_____
UNITED STATES DISTRICT COURT JUDGE

Submitted by:
LAW OFFICES OF ALAN S. GUTMAN

By: _____
Alan S. Gutman
Attorneys for Plaintiff
SALVATORE LAURIA

Approved as to form:
LEOPOLD, PETRICH & SMITH

By: SEE ATTACHED
Louis P. Petrich
Attorneys for Defendants
NEW MILLENNIUM ENTERTAINMENT
and MICHAEL VINER

(2) This injunction shall be effective provided that, on or before September 10, 2002, plaintiff Salvatore Lauria posts a bond in the amount of $100,000 and delivers to the Court a Deed of Trust in favor of New Millennium Entertainment encumbering certain real property owned by Plaintiff's wife in the amount of $100,000. In order for the injunction to remain in effect, said Deed of Trust shall be recorded in the county in which the property is located on or before September 17, 2002. In addition, neither Plaintiff nor his wife shall further encumber the subject real property while the preliminary injunction is in effect.

Dated: _____

UNITED STATES DISTRICT COURT JUDGE

Submitted by:
LAW OFFICES OF ALAN S. GUTMAN

By: _____
Alan S. Gutman
Attorneys for Plaintiff
SALVATORE LAURIA

Approved as to form:
LEOPOLD, PETRICH & SMITH

By: _____
Louis P. Petrich
Attorneys for Defendants
NEW MILLENNIUM ENTERTAINMENT
and MICHAEL VINER

PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not party to the within action; my business address is 9401 WILSHIRE BLVD., SUITE 575, BEVERLY HILLS, CA 90212-2918.

On **September 10, 2002** I served the foregoing document described as **PRELIMINARY INJUNCTION** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Louis P. Petrich, Esq.
VINCENT COX, ESQ.
LEOPOLD, PETRICH & SMITH, PC
2049 CENTURY PARK EAST, SUITE 3110
LOS ANGELES, CA 90067-3274
FACSIMILE 310-277-7444

[XX]   BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Beverly Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[] BY PERSONAL SERVICE: I caused the foregoing document to be delivered by hand to the offices of counsel for Defendants.

& [XXX] BY FACSIMILE TRANSMITTAL: I sent by facsimile the above document on September 10, 2002 at 2:15 PM. to the facsimile machine number identified above.

[] BY FEDERAL EXPRESS OVERNIGHT DELIVERY: I caused the above document to be sent by Federal Express overnight delivery, fully prepaid, in accordance with Code of Civil Procedure § 1013(c).

Executed on **September 10, 2002** at Beverly Hills, California.

I declare that I am a member of the bar of this court at whose direction this service was made.

ALAN S GUTMAN