```
 1  LOUIS P. PETRICH [State Bar No. 038161]
    VINCENT COX [State Bar No. 070511]
 2  DONALD R. GORDON [State Bar No. 089741]
    LEOPOLD, PETRICH & SMITH
 3  A Professional Corporation
    2049 Century Park East, Suite 3110
 4  Los Angeles, California 90067-3274
    Tel. 310/277-3333; Fax 310/277-7444
 5  Attorneys for Defendant and Counterclaimant
    NEW MILLENNIUM ENTERTAINMENT and Defendant
 6  MICHAEL VINER
```



FILED
CLERK, U.S. DISTRICT COURT
DEC 16 2002
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SALVATORE LAURIA, <br><br> Plaintiff, <br><br> vs. <br><br> NEW MILLENNIUM ENTERTAINMENT, a California corporation; MICHAEL VINER, an individual; DOES 1 to 100, inclusive, <br><br> Defendants. <br><br> NEW MILLENNIUM ENTERTAINMENT, a California corporation, <br><br> Counterclaimant, <br><br> vs. <br><br> SALVATORE LAURIA, <br><br> Counterdefendant. | CASE # CV 02-5395 WMB (VBKx) <br><br> STIPULATION FOR TRIAL EVIDENCE FROM SAADIA SHAPIRO; ORDER <br><br><br><br> ___ Priority <br> _✓_ Send <br> ___ Clsd <br> ___ Enter <br> ___ JS-5/JS-6 <br> ___ JS-2/JS-3 |

THE PARTIES HERETO, BY AND THROUGH THEIR COUNSEL OF RECORD, STIPULATE AS FOLLOWS WITH RESPECT TO THE FOLLOWING FACTS:

LEOPOLD, PETRICH & SMITH
A Professional Corporation
087393

1. The taking of testimony at the trial of this action concluded on November 20, 2002. In the course of the trial, plaintiff agreed to waive the attorney-client privilege as to communications with Saadia Shapiro or any other attorney in Shapiro's office related to the exploitation of Lauria's life story on the June 10, 2001 agreement. At the conclusion of the evidence and argument, the Court expressed a willingness to entertain a motion to re-open the evidence to permit the parties to obtain documents from the files of Saadia Shapiro, and to allow trial testimony by Saadia Shapiro.

2. All parties are in agreement that the interests of justice would be furthered by allowing one or both sides to compel the production of Saadia Shapiro's documents regarding services rendered to Salvatore Lauria to be produced, consistent with the waiver by Salvatore Lauria of his attorney-client privilege in connection with the services rendered by Saadia Shapiro to him.

NOW, THEREFORE, THE PARTIES STIPULATE AS FOLLOWS:

1. That they have obtained documents from Saadia Shapiro's file, and with the exception of the Cooperation Agreement (pp. 56-63 of the 184-page file produced by Mr. Shapiro's office), they may be marked as Exhibit 361 and received in evidence.

2. Notwithstanding the closing of the evidence in the trial on November 20, 2002, the parties stipulate that the taking of evidence shall be re-opened for the limited purpose of admitting

LEOPOLD, PETRICH
& SMITH
A Professional Corporation
087393

- 2 -

Exhibit 361 and taking the testimony of Saadia Shapiro. In this regard, the parties further stipulate that the trial testimony of Saadia Shapiro may be taken, under oath, telephonically, as if Shapiro were present in open court. The parties reserve to the Court's ruling the decision regarding the relevance and admissibility of the Cooperation Agreement, which plaintiff will lodge with the Court for in camera review.

3. To the extent necessary to enforce this stipulation, either or both of the parties may compel the testimony of Saadia Shapiro by subpena.

4. The parties hereto waive any objection that they might have had based upon the failure of the pre-trial order to list Saadia Shapiro as a witness, or to list Shapiro's documents as trial exhibits.

SO STIPULATED:

DATED: December 12, 2002

LAW OFFICES OF ALAN S. GUTMAN

By: _____
Alan S. Gutman
Attorneys for Plaintiff and
Counterdefendant
SALVATORE LAURIA

DATED: December 13, 2002

LEOPOLD, PETRICH & SMITH, LLP

By: _____
Vincent Cox
Attorneys for Defendant and
Counterclaimant
NEW MILLENNIUM ENTERTAINMENT
and Defendant MICHAEL VINER

- 3 -

# O R D E R

Based upon the foregoing stipulation of counsel, and good cause appearing, IT IS SO ORDERED.

DATED: Dec 16, 2002

UNITED STATES DISTRICT COURT JUDGE

- 4 -