1 | Alan S. Gutman, SBN 128514
Elizabeth L. Bradley, SBN 172272
2 | LAW OFFICES OF ALAN S. GUTMAN
9401 Wilshire Boulevard, Suite 575
3 | Beverly Hills, CA 90212-2918
Telephone: 310-385-0700
4 | Facsimile: 310-385-0710

FILED
CLERK, U.S. DISTRICT COURT

NOV - 4 2004

CENTRAL DISTRICT OF CALIFORNIA
BY               DEPUTY

5 | Attorneys for Plaintiff and Counter-Defendant SALVATORE LAURIA

6 |
7 |
8 | UNITED STATES DISTRICT COURT
9 | CENTRAL DISTRICT OF CALIFORNIA
10 |

___ Priority
✓ Send
___ Clsd
✓ Enter
✓ JS-5/JS-6
___ JS-2/JS-3

11 | SALVATORE LAURIA,                              )      Case Number CV-02-5395 WMB (VBKx)
                                                  )
12 |          Plaintiff,                           )      [PROPOSED] ORDER FOR DISMISSAL
                                                  )      PURSUANT TO F.R.C.P. RULE 41(a);
13 | vs.                                           )      and,
                                                  )
14 | NEW MILLENNIUM                                )      [PROPOSED] ORDER FOR RELEASE
     ENTERTAINMENT, a California                  )      OF DEEDS OF TRUST
15 | corporation; MICHAEL VINER, an               )
     individual; DOES 1 TO 100, inclusive,        )
16 |                                               )
             Defendants.                           )
17 | _____          )
                                                  )
18 | NEW MILLENNIUM                                )
     ENTERTAINMENT, a California                  )
19 | corporation,                                  )
                                                  )
20 |          Counterclaimant,                     )
                                                  )
21 | vs                                            )
                                                  )
22 | SALVATORE LAURIA,                             )
                                                  )
23 |          Counterdefendant.                    )
24 | _____          )

ENTERED
CLERK, U.S. DISTRICT COURT

NOV - 8 2004

CENTRAL DISTRICT OF CALIFORNIA
BY               DEPUTY

/28

25 |          Good cause therefore appearing, it is hereby ordered that the above-entitled action

26 | be dismissed with prejudice pursuant to FRCP 41(a). Each party to bear their own costs.

27 |          It is further ordered that the September 10, 2002 Deed of Trust granted by Hope N.

28 | Lauria to New Millennium Entertainment on the property located in Fairfield County,

---

LAURIA\ORDER.DISMISSAL                                          ORDER RE DISMISSAL PER FRCP RULE 41(a) AND
                                                        [PROPOSED] ORDER FOR RELEASE OF DEEDS OF TRUST

1   Connecticut at 91 Georgetown Road, Weston, Connecticut, a true and correct copy of

2   which is attached hereto as Exhibit A, be released; and,

3      It is further ordered that the September 13, 2002 Deed of Trust granted by Hope N.

4   Lauria to New Millennium Entertainment on the property located in Fairfield County,

5   Connecticut at 91 Georgetown Road, Weston, Connecticut, a true and correct copy of

6   which is attached as Exhibit B, be released.

7   ORDER

8      IT IS SO ORDERED.

9   Dated: _____ *Nov. 3, 2004* _____

10      Hon. Wm. Matthew Byrne, Jr.
        United States District Judge

11   Submitted by:
     LAW OFFICES OF ALAN S. GUTMAN

12

13   By: _____

14      Alan S. Gutman
        Attorneys for Plaintiff and
        Counter-Defendant

15      SALVATORE LAURIA

16   *Approved by phone by*

17   *Vincent Cay for New Millennium*

18

19

20

21

22

23

24

25

26

27

28

LAURIA\ORDER.DISMISSAL

ORDER RE DISMISSAL PER FRCP RULE 41(a) AND
2   [PROPOSED] ORDER FOR RELEASE OF DEEDS OF TRUST

000693

Please return this document after recording to:

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY OF THE ORIGINAL DOCUMENT RECEIVED
FOR RECORD IN THE OFFICE OF THE TOWN
CLERK OF THE TOWN OF WESTON ON
_9/10/02_ AT _2:35 PM_
_Sept 10 2002_    _Kenneth Zinanfaoia_
DATE                              TOWN CLERK

## DEED OF TRUST

State of Connecticut

1.     DATE AND PARTIES. The date of this Deed of Trust (Security instrument)
is September 10, 2002 and the parties, their addresses and tax identification numbers, if
required, are as follows:

GRANTOR: HOPE N. LAURIA, 5 River Road, #227, Wilton, CT 06897

TRUSTEE: NEW MILLENNIUM ENTERTAINMENT, 301 N. Canon Drive, Beverly
Hills, CA 90212

2.     CONVEYANCE. For good and valuable consideration, the receipt and
sufficiency of which is acknowledged, and to secure the Secured Debt (defined below) and
Grantor's performance under this Security Instrument, Grantor irrevocably grants, conveys
and sells to Trustee, in trust for the benefit of Trustee with power of sale, the following
described property:

The property located in Fairfield County, Connecticut at 91 Georgetown Road, Weston,
Connecticut, Fairfield County lot b1, map 3466, together with all rights, easements,
appurtenances, royalties, mineral rights, oil and gas rights, all water and riparian rights,
ditches, and water stock and all existing and future improvements, structures, fixtures, and
replacements that may now, or at any time in the future, be part of the real estate
described above (all referred to as "Property").

3.     MAXIMUM OBLIGATION LIMIT. The total principal amount secured by this
Security Instrument is $100,000.

4.     SECURED DEBT. The term "Secured Debt" as used in this Deed of Trust is
defined as follows: This Deed of Trust has been furnished as security for a preliminary
injunction in accordance with FRCP 65(c) in the action entitled Salvatore Lauria vs. New
Millennium Entertainment, et al, United States District Court Case No. CV-02-5395 WMB
(VBKx) (the "Action). Pursuant to FRCP 65(c), this Deed of Trust can only be enforced

Page 1 of 3

## EXHIBIT A

against the Property and/or Grantor in the event that New Millennium Entertainment has been found to have been wrongfully enjoined or restrained and the damages assessed by the Court pursuant to FRCP 65 are not satisfied by the injunction bond posted with the Court or by the Plaintiff in the Action.

5.   **DEED OF TRUST COVENANTS.** Grantor agrees that the covenants in this section are material obligations under the Secured Debt and this Security Instrument.

Prior Security Interests. With regard to any other mortgage, deed of trust, security agreement or other lien document that created a prior security interest or encumbrance on the Property, Grantor agrees to make all payments when due and to perform or comply with all covenants. Grantor also agrees not to allow any modification or extension of, nor to request any future advances under any note or agreement secured by the lien document without prior written approval of the Court in the Action. Grantor also agrees not to encumber the Property in any amount beyond or in addition to the amount that the Property is encumbered as of the date of this Deed of Trust.

Claims Against Title. Grantor will pay all taxes, assessments, liens, encumbrances, lease payments, ground rents, utilities, and other charges relating to the Property when due. Grantor will defend title to the Property against any claims that would impair the lien of this Security Instrument.

Property Condition, Alterations and Inspection. Grantor will keep the Property in good condition and make all repairs that are reasonably necessary. Grantor shall not commit or allow any waste, impairment, or deterioration of the Property. Grantor agrees that the nature of the occupancy and use will not substantially change. Grantor will not permit any change in any license, restrictive covenant or easement without the prior written consent of the Court. Grantor will notify the Court of all demands, proceedings, claims, and actions against Grantor, and of any loss or damage to the Property.

Insurance. Grantor shall keep Property insured against loss by fire, flood, theft and other hazards and risks reasonably associated with the Property due to its type and location.

6.   **DEFAULT.** Grantor will be in default if New Millennium Entertainment has been found to have been wrongfully enjoined or restrained and the damages assessed by the Court pursuant to FRCP 65 are not satisfied by the injunction bond posted with the Court or by the Plaintiff in the Action.

Page 2 of 3

7.    REMEDIES ON DEFAULT: In the event of default as defined above, Trustee may take all appropriate actions to enforce this Deed of Trust, including but not limited to giving notice as required by law and the power to sell the Property.

Dated: _9/10/02_ 

_Hope N. Lauria_
Hope N. Lauria
Grantor

STATE OF CONNECTICUT
COUNTY OF FAIRFIELD                    } _WESTON_

On the _10th_ of September, 2002, before me personally appeared HOPE N. LAURIA to me known to be the person named herein (or proved to me to be that person on the basis of satisfactory evidence) who executed this DEED OF TRUST and acknowledged to me that he/she/they voluntarily executed the same in his/her/their authorized capacity.

WITNESS my hand and official seal.

My term expires _8/31/06_

DONNA M. ANASTASIA
NOTARY PUBLIC   STATE OF CT
MY COMMISSION EXPIRES AUG. 31, 2006

RECEIVED FOR RECORD _Sept 10_ 20_02_
AT _2:35_ M. ATTEST _Cynthia Williams_
WESTON TOWN CLERK

Page 3 of 3

SCANNED

P.02

+00955

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY OF THE ORIGINAL DOCUMENT RECEIVED
FOR RECORD IN THE OFFICE OF THE TOWN
CLERK OF THE TOWN OF WESTON ON
9/13/02 AT 4:05 pm
Sept 13 2002            _____
DATE                         TOWN CLERK

Please return this document after recording to:

CLERK TO THE HON. W. MATTHEW BYRNE
UNITED STATES DISTRICT COURT
312 NORTH SPRING STREET
LOS ANGELES, CA 90012

## DEED OF TRUST

State of Connecticut

   1.    DATE AND PARTIES. The date of this Deed of Trust (Security instrument) is September 12, 2002 and the parties, their addresses and tax identification numbers, if required, are as follows:

   GRANTOR: HOPE N. LAURIA, 5 River Road, #227, Wilton, CT 06897

   TRUSTEE: NEW MILLENNIUM ENTERTAINMENT, 301 N. Canon Drive. Beverly Hills, CA 90212

   2.    CONVEYANCE. For good and valuable consideration, the receipt and sufficiency of which is acknowledged, and to secure the Secured Debt (defined below) and Grantor's performance under this Security Instrument, Grantor irrevocably grants, conveys and sells to Trustee, in trust for the benefit of Trustee with power of sale, the following described property:

The property located in Fairfield County, Connecticut at 91 Georgetown Road, Weston, Connecticut, Fairfield County lot b1, map 3466, together with all rights, easements, appurtenances, royalties, mineral rights, oil and gas rights, all water and riparian rights, ditches, and water stock and all existing and future improvements, structures, fixtures, and replacements that may now, or at any time in the future, be part of the real estate described above (all referred to as "Property").

   3.    MAXIMUM OBLIGATION LIMIT. The total principal amount secured by this Security Instrument is $200,000. This Deed of Trust replaces and supersedes the Deed of Trust recorded on September 10, 2002.

   4.    SECURED DEBT. The term "Secured Debt" as used in this Deed of Trust is defined as follows: This Deed of Trust has been furnished as security for a preliminary injunction in accordance with FRCP 65(c) in the action entitled Salvatore Lauria vs. New Millennium Entertainment, et al, United States District Court Case No. CV-02-5395 WMB

Page 1 of 3

## EXHIBIT B

(VBKx) (the "Action). Pursuant to FRCP 65(c), this Deed of Trust can only be enforced against the Property and/or Grantor in the event that New Millennium Entertainment has been found to have been wrongfully enjoined or restrained and the damages assessed by the Court pursuant to FRCP 65 are not satisfied by the injunction bond posted with the Court or by the Plaintiff in the Action.

    5.    **DEED OF TRUST COVENANTS.** Grantor agrees that the covenants in this section are material obligations under the Secured Debt and this Security Instrument.

    **Prior Security Interests.** With regard to any other mortgage, deed of trust, security agreement or other lien document that created a prior security interest or encumbrance on the Property, Grantor agrees to make all payments when due and to perform or comply with all covenants. Grantor also agrees not to allow any modification or extension of, nor to request any future advances under any note or agreement secured by the lien document without prior written approval of the Court in the Action. Grantor also agrees not to encumber the Property in any amount beyond or in addition to the amount that the Property is encumbered as of the date of this Deed of Trust.

    **Claims Against Title.** Grantor will pay all taxes, assessments, liens, encumbrances, lease payments, ground rents, utilities, and other charges relating to the Property when due. Grantor will defend title to the Property against any claims that would impair the lien of this Security Instrument.

    **Property Condition, Alterations and Inspection.** Grantor will keep the Property in good condition and make all repairs that are reasonably necessary. Grantor shall not commit or allow any waste, impairment, or deterioration of the Property. Grantor agrees that the nature of the occupancy and use will not substantially change. Grantor will not permit any change in any license, restrictive covenant or easement without the prior written consent of the Court. Grantor will notify the Court of all demands, proceedings, claims, and actions against Grantor, and of any loss or damage to the Property.

    **Insurance.** Grantor shall keep Property insured against loss by fire, flood, theft and other hazards and risks reasonably associated with the Property due to its type and location.

    6.    **DEFAULT.** Grantor will be in default if New Millennium Entertainment has been found to have been wrongfully enjoined or restrained and the damages assessed by the Court pursuant to FRCP 65 are not satisfied by the injunction bond posted with the Court or by the Plaintiff in the Action.

7.     REMEDIES ON DEFAULT: In the event of default as defined above, Trustee may take all appropriate actions to enforce this Deed of Trust, including but not limited to giving notice as required by law and the power to sell the Property.

Dated: _Sept 13, 2002_

_Hope N. Lauria_
Hope N. Lauria
Grantor

STATE OF CONNECTICUT                )
COUNTY OF FAIRFIELD                 )

On the _15_ of September, 2002, before me personally appeared HOPE N. LAURIA to me known to be the person named herein (or proved to me to be that person on the basis of satisfactory evidence) who executed this DEED OF TRUST and acknowledged to me that he/she/they voluntarily executed the same in his/her/their authorized capacity.

WITNESS my hand and official seal.

My term expires _8/31/06_

DONNA M. ANASTASIA
NOTARY PUBLIC - STATE OF CT
MY COMMISSION EXPIRES AUG. 31, 2006

RECEIVED FOR RECORD _SEPT 13, 02_
AT _4:05_ P.M. ATTEST _____
WESTON TOWN CLERK

Page 3 of 3

PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

      I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 9401 WILSHIRE BLVD., SUITE 575, BEVERLY HILLS, CA 90212-2918.

      On **October 27, 2004** I served the foregoing document described as **[PROPOSED] ORDER FOR DISMISSAL PURSUANT TO F.R.C.P. RULE 41(a); AND [PROPOSED] ORDER FOR RELEASE OF DEEDS OF TRUST** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Louis P. Petrich, Esq.
Vincent Cox, Esq.
LEOPOLD, PETRICH & SMITH, PC
2049 Century Park East, Suite 3110
Los Angeles, CA 90067-3274

[XX]    BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Beverly Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[] BY PERSONAL SERVICE: I caused the foregoing document to be delivered by hand to the offices of counsel for Defendants.

[] BY FACSIMILE TRANSMITTAL: I sent by facsimile the above document on   at  .m. to the facsimile machine number identified above.

[] BY FEDERAL EXPRESS OVERNIGHT DELIVERY: I caused the above document to be sent by Federal Express overnight delivery, fully prepaid, in accordance with <u>Code of Civil Procedure</u> § 1013(c).

Executed on **October 27, 2004** at Beverly Hills, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

_____
CECIBEL GOMEZ